UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

Eastern District of Kentucky
FILED
OCT 1 - 2008
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 08-CV-116-WOB

BRENTON WOMBLES                                                                                PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

BOONE COUNTY DETENTION CENTER, et al.                              DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Plaintiff's Motion to Amend his Complaint. [Record No. 8].

On July 22, 2008, Brenton Wombles, an individual currently serving a state sentence at the Kentucky State Reformatory, in LaGrange, Kentucky, initiated the instant prisoner civil rights action with the submission of a *pro se* Complaint, pursuant to 42 U.S.C. § 1983. Seeking damages and injunctive relief, he alleged that several personnel at the Boone County Detention Center ("BCDC") had been deliberately indifferent to his serious medical condition when he had been housed there.

Upon granting Plaintiff's accompanying Motion to Proceed *in forma pauperis* and screening the Complaint, the Court issued a Memorandum Opinion and Order dismissing two named Defendants for Plaintiff's failure to state a claim against them, informing Wombles that he had only 120 days in which to identify and serve any John and/or Jane Doe defendants, and directing the Clerk to issue summons for the remaining Defendant, the BCDC's Dr. Keith Kessler, in his official and individual capacities.

Prior to being served with Dr. Kessler's Answer, Plaintiff filed the instant Motion to Amend

his Complaint to add two new Defendants, in compliance with the Court's Order and Federal Rule of Civil Procedure 4(m). He describes the actions of a Sgt. Sheri Bruce and a Deputy Aaron Schawlders, and claims that they, too, evidenced their deliberate indifference to his serious medical needs. Therefore, Wombles asks that he be permitted to amend his Complaint to add these two persons as Defendants.

## DISCUSSION

Federal Rule of Civil Procedure 15, *Amended and Supplemental Pleadings*, provides, in pertinent part as follows:

> **(a) Amendments Before Trial.**
>
> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> . . .

Fed.R.Civ.P. 15 (a) (December 1, 2007). Courts have been consistent in holding that amendments of complaints should be freely granted under Rule 15, in the absence of futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

Finding that Plaintiff is entitled to an amendment of right under Rule 15(a)(1)(A) and being otherwise advised, the Court **HEREBY ORDERS** as follows:

1. Plaintiff's Motion to Amend [Record No. 8] is **GRANTED** and the Complaint is

amended to add the allegations against Sheri Bruce and Aaron Schawlkers.

2. The Clerk in the divisional office in which the case lies shall prepare and issue summons for the Boone County Detention Center's Sgt. Sheri Bruce and Deputy Aaron Schawlkers, in their official and individual capacities.

3. The Clerk shall also prepare as many copies of the Complaint and the Amendment [Record Nos. 2, 8] as there are summonses, an equal number of copies of the instant Order, and any required United States Marshals ("USM") Forms 285 or other documents necessary to effectuate service. If insufficient information exists to sufficiently or effectively complete any summons or other forms regarding any Defendant, the Clerk shall promptly make a Clerk's entry on the docket stating the reason that the Clerk cannot fill out the summons or USM Form 285 or any other document.

4. After the Clerk's office has prepared the summonses, USM Forms 285, Complaint and Amendment copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall send said documents to the USM Office in Lexington, Kentucky.

5. The Clerk shall docket the mailing or other means of delivery of the above-described documents to the USM into the instant record.

6. The United States Marshal shall serve a summons, Complaint and amendment copies, and a copy of this Order on each of the newly named Defendants and shall do so by certified mail, return receipt requested, or by personal service, at the choice of the USM.

7. The USM Office is responsible for ensuring that each Defendant is successfully served with process. In the event that an attempt at service upon either Defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to

ensure successful service.

8. Within forty (40) days of the date of entry of this Order, the United States Marshal shall make a Return Report to the Court of whether each summons is executed or is still unexecuted:

   a. For each Defendant served by certified mail, the Service Report shall include:
      i. a copy of the green card showing proof of service; or
      ii. a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.
   b. For each Defendant personally served, the Service Report shall indicate:
      i. that the defendant was successfully served personally, or
      ii. a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

9. Defendants Bruce and Schawlkers shall file an Answer to the Plaintiff's Complaint and Amendment within 20 days of service of process.

*William O. Bertelsman*

WILLIAM O. BERTELSMAN, JUDGE

4