```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                  NORTHERN DIVISION at COVINGTON
```

**CIVIL ACTION NO. 08-CV-116-WOB**

**BRENTON WOMBLES**                                           **PLAINTIFF**

**VS.**                      **MEMORANDUM OPINION AND ORDER**

**BOONE COUNTY DETENTION**
**CENTER, et al.**                                           **DEFENDANTS**

This is a civil rights action in which the plaintiff, proceeding *pro se*, alleges that defendants violated his Eighth Amendment rights by denying him medical treatment while he was incarcerated at the Boone County, Kentucky jail.

### *Factual and Procedural Background*

Plaintiff Brenton Wombles was incarcerated at the Boone County Jail from January 16, 2008 until March 4, 2008. On February 19, 2008, Wombles completed a "Request for Medical Attention" form complaining of severe headaches, fever, sore throat, sweating, and dizziness. (Doc. #100, Exh. A)[1] Wombles was examined by defendant Dr. Keith Kessler, who prescribed penicillin and ciprofloxacin.

Two days later, Wombles filed a second "Request for Medical Attention" form, complaining that his urine was orange in color.

---

[1] All exhibits cited are attached to the Motion for Summary Judgment of defendants Bruce and Schwalkers (Doc. #100), unless otherwise indicated.

(Exh. B)  Defendant Sheri Bruce, a jail deputy, responded within several hours and administered a urinalysis dip stick test on Wombles' urine.  (Wombles Depo. 32)  The test showed no blood in Wombles' urine.  Deputy Bruce then scheduled Wombles to see Dr. Kessler on his next visit to the jail.

Wombles alleges that when Deputy Bruce completed this test, he told her that he felt ill and then stood up in the examination room and vomited in front of her.  Deputy Bruce then allegedly ordered defendant Aaron Schwalkers, another jail guard, to take Wombles to the "hole" for having vomited.  Wombles testified that Schwalkers then took him, not to the "hole" (the medical evaluation room), but to the pretrial room, where he remained for an hour before being returned to his cell.  (Wombles Depo. 27-28)

The following morning, February 22, 2008, Wombles was seen by Dr. Kessler, who performed another urine test.  (Wombles Depo. 25)  This test also indicated no blood in Wombles' urine, but it did indicate "moderate" levels of bilirubin.  (Exh. E)  Dr. Kessler discontinued the prescription for penicillin, and Wombles remained on medical observation until February 27, 2008.

On March 2, 2008, Wombles completed another "Request for Medical Attention" form, complaining of an upset stomach, vomiting, headaches, and coughing.  Wombles was placed on sick call and seen by Dr. Kessler the following day.  Dr. Kessler tentatively diagnosed either "viral gastritis" or "resolving

hepatitis" and ordered that lab tests be performed. The tests were never performed, however, because Wombles was transferred the next day to the Roederer Correctional Complex in LaGrange, Kentucky. (Wombles Depo. 67)

Soon after being booked into the Roederer Correctional Complex, Wombles requested medical attention for a fever and other symptoms. (Wombles Depo. 68) He was taken to Baptist Hospital Northeast, and then to UK Medical Center, where he was diagnosed with mononucleosis and discharged. (Wombles Depo. 69) Due to the mononucleosis, Wombles spent several weeks in the nursing care facility at the Kentucky State Reformatory.

Plaintiff filed this action, *pro se*, on July 22, 2008, alleging, pursuant to 42 U.S.C. § 1983, that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (Doc. #2) Wombles alleges that he still has an enlarged spleen and permanent liver damage as a result of this deliberate indifference. Plaintiff was also permitted to amend his complaint to add a state law claim for medical negligence against defendant Kessler. (Doc. #65, #67)

Defendants filed motions for summary judgment (Doc. #100, #104) and motions to strike (Doc. #111, #115), which are ripe for decision. The court concludes that oral argument is not necessary to the resolution of this matter.

### *Analysis*[2]

Section 1983 prohibits any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" from depriving any U.S. citizen "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Plaintiff argues that his Eighth Amendment right to be free from cruel and unusual punishment was violated. U.S. Const. amend. VIII.

As applied to prisoners, this constitutional guarantee encompasses a right to medical care for serious medical needs. *Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).

Because the Eighth Amendment prohibits mistreatment only if it is tantamount to "punishment," courts have imposed liability upon prison officials only where they are "so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain." *Perez*, 466 F.3d at 423 (internal quotations and citation omitted). "Negligence or medical malpractice alone cannot sustain an Eighth Amendment claim, absent a showing of deliberate indifference." *Id.* (citing

---

[2]Although defendants argue that plaintiff failed to exhaust administratively his Eighth Amendment claim as required by the Prison Litigation Reform Act, the court need not reach that issue because the claim clearly fails as a matter of law on the merits. *See* 42 U.S.C. § 1997e(c)(2).

*Estelle*, 429 U.S. at 105-06). *See also Domingues v. Correctional Med. Serv.*, 555 F.3d 543, 550 (6th Cir. 2009) ("[T]hat a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"Deliberate indifference" has both an objective and a subjective component. *Perez*, 466 F.3d at 423 (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). With respect to medical needs, the need "must be objectively, 'sufficiently serious.'" *Id.* at 423-24 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

"In considering the subjective component, this circuit has emphasized that a plaintiff must produce evidence showing that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 424 (internal quotations and citation omitted). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). *See also id.* at 842 (official must act or fail to act "despite his knowledge of a substantial risk of serious harm").

5

Here, even taking the facts in the light most favorable to plaintiff, the record does not demonstrate that any of the defendants disregarded a serious risk to plaintiff's health. It is undisputed that each time plaintiff filed a request for medical attention, he was seen promptly by Deputy Bruce and/or Dr. Kessler. Upon plaintiff's first request on February 19, 2008, Dr. Kessler examined him and prescribed antibiotics. Two days later, defendant Deputy Bruce responded to plaintiff's complaint about the color of his urine by performing a dip stick test on his urine sample, which showed that no blood was present. Nonetheless, Bruce scheduled plaintiff to see Dr. Kessler again the very next day. At that visit, Dr. Kessler performed another urine test, which again showed no blood but "moderate" levels of bilirubin. Dr. Kessler discontinued the prescription for penicillin and placed plaintiff on medical observation.

Plaintiff complained of no further problems until March 2, 2008, when he complained of an upset stomach, vomiting, headaches, and coughing. Plaintiff was placed immediately on sick call and seen by Dr. Kessler the next day. Dr. Kessler made a tentative diagnosis and scheduled plaintiff for lab tests. Those tests were never performed, of course, because plaintiff was transferred the next day to another facility.

Plaintiff alleges that defendants were deliberately indifferent because they failed to diagnose, during the above

6

sequence of events, that he was suffering from mononucleosis. He further argues that Deputy Bruce was unqualified to perform the urine test, although he does not say what other test she should have performed at the time.

These facts do not, as a matter of law, demonstrate deliberate indifference. Another federal court in this state has succinctly summarized the law applicable to such allegations:

> A patient's disagreement with his physician over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable under § 1983. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 816 n. 13 (6th Cir. 1996); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The question of whether diagnostic techniques or other forms of treatment are indicated is a classic example of a matter for medical judgment. At most, a medical decision not to order an x-ray or like measures represents medical malpractice. *Estelle* [*v. Gamble*], 429 U.S. [97], 107 [(1976)]. Furthermore, allegations of "inadvertent failure to provide adequate medical care" or of a negligent diagnosis or treatment of a prisoner fail to state a cause of action. *Id.* at 105-06. Courts will generally refrain from "second guessing" the adequacy of a particular course of treatment where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Simply stated, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 107.

*Woods v. Knowles*, No. 4:07CV-P109-M, 2008 U.S. Dist. LEXIS 100151, at *6-*7 (W.D. Ky. Dec. 11, 2008).

In *Woods*, similar to the instant case, the prisoner alleged that defendants failed to diagnose a urinary tract infection in a timely manner. However, it was undisputed that the plaintiff received medical attention each time he complained of symptoms,

7

tests on his urine were performed, and he was given over-the-counter medicine until the correct diagnosis was ultimately made. *Id.* at \*3-\*4. The court granted summary judgment for defendants, finding that plaintiff raised no triable constitutional claim. *See also Dodson v. Wilkinson*, 304 Fed. Appx. 434, 440-41 (6th Cir. 2008) (holding that physician's failure to make earlier diagnosis of prisoner's Hepatitis C infection raised no Eighth Amendment claim; prisoner received timely medical treatment for symptoms and his disagreement with the testing and treatment he received does not provide basis for constitutional claim).

Moreover, plaintiff's allegation that defendants Bruce and Schwalkers had him taken to the pretrial room after being seen in response to his second medical complaint does not create a triable issue. There is no evidence that this brief detention in the pretrial room in lieu of his cell – whatever intent is attributed to the deputies – worsened plaintiff's medical condition or resulted in a denial or delay in medical care. Indeed, Deputy Bruce had already scheduled plaintiff to see Dr. Kessler the following morning, and plaintiff was returned to his cell within an hour.

Thus, even viewing the evidence in a light most favorable to plaintiff, no reasonable jury could conclude that his constitutional right under the Eighth Amendment was violated. Defendants are therefore entitled to summary judgment.

8

Given this ruling, the court will decline to exercise its supplemental jurisdiction over plaintiff's state law claim for medical negligence against Dr. Kessler.

Therefore, the court having reviewed this matter, and being otherwise sufficiently advised,

**IT IS ORDERED** that:

(1) Defendants' motions for summary judgment (Doc. #100, #104) be, and are hereby, **GRANTED**, and defendants' motions to strike (Doc. #111, #115) be, and are hereby, **DENIED**;

(2) Plaintiffs state law claim against defendant Kessler be, and is hereby, **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3). A separate judgment shall enter concurrently herewith.

This 21st day of October, 2009.



Signed By:
*William O. Bertelsman* WOB
United States District Judge